UNITED STATES FEDERAL COURT
EASTERN DISTRICT OF LOUISIANA

**AUDREY LEE GROVES,**     * CIVIL DOCKET NO.:
    **Plaintiff,**     *
                                                          *
**VERSUS**     *
                                                          * MAGISTRATE:
**THE STATE OF LOUISIANA, ITS**     *
**AGENCY THE LOUISIANA STATE**     *
**POLICE AND JOEY SCHOUEFT,**     *
**BOTH IN HIS INDIVIDUAL AND**     * JUDGE:
**OFFICIAL CAPACITIES, COLONEL**     *
**CHARLES DUPUY, IN HIS INDIVIDUAL**     *
**AND OFFICIAL CAPACITIES AND**     *
**COLONEL MICHAEL D. EDMONDSON,**     *
**IN HIS OFFICIAL AND INDIVIDUAL**     * JURY TRIAL DEMAND
**CAPACITIES,**     *
    **Defendants.**     *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITION TO FOR DAMAGES

1. This is a civil action seeking damages against Defendants for state and federal causes of action for committing acts, under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States; for conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection laws; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff. The Court has jurisdiction of this act under 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

2. The court also has jurisdiction under 28 U.S.C. § 1331.

3. Plaintiff Audrey Groves is a 71-year-old male citizen and resident of Houma, State of Louisiana, and the United States of America.

4. Defendant, The State of Louisiana, Louisiana State Police is a state law enforcement agency of the State of Louisiana, organized under the laws of the State of Louisiana.

5. Defendant Lieutenant Colonel Charles Dupuy was the Deputy Superintendent for the Louisiana State Police at all times relevant to this Complaint.  He is sued in his individual and official capacities. Defendant Lieutenant Colonel Charles Dupuy failed to supervise and act immediately on and investigate complaints of excessive force filed by Plaintiff against Joey Schoueft, failed to implement and supervise training, failed to monitor Joey Schoueft and failed to discipline rogue officers such as Joey Schoueft.

6. Defendant Colonel Michael D. Edmonson was Superintendent of the Louisiana State Police at all times relevant to this Complaint. He is sued in his individual and official capacities. Defendant Colonel Michael D. Edmonson, Superintendent, failed to supervise and act immediately to investigate complaints by Plaintiff of excessive force by Joey Schoueft, failed to implement and supervise training of Joey Schoueft, failed to monitor Joey Schoueft and failed to discipline rogue officers such as Joey Schoueft.

7. Defendant Officer Joey Schoueft was a police officer employed by the Louisiana State Police, Troop C, Badge No. 2333 who was negligently trained in the use of handcuffs, a dangerous instrumentality and  maliciously injured and humiliated petitioner without cause then failed to give  any medical aftercare and used excessive force with a dangerous instrumentality handcuffs, all in violation of know standards of law enforcement in violation of the 4th Amendment of the U.S. Constitution by use of excessive force and torture in inflict lacerations and pain on 71-year-old Audrey Groves who obeyed all commands of Officer Joey Schoueft and did not resist arrest at any time.

8. Plaintiff sues each and all Defendants in both their individual and official capacities.

9. At all times material to this Complaint, Defendants Colonel Michael D. Edmonson, Lieutenant-Colonel Charles Dupuy, Officer Joey Schoueft, acted under color of the statutes, customs, ordinances, and usage of the State of Louisiana, and Louisiana State Police Department in their failure to train, supervise, investigate and discipline Officer Joey Schoueft in violation of known standards of law enforcement.  Colonel Michael D. Edmonson, Lieutenant-Colonel Charles Dupuy and the State of Louisiana, its agency the Louisiana State Police failed to  properly train, supervise, monitor and discipline rogue police Officer Joey Schoueft and are liable for such gross negligence and their negligent custom and practices of failure to  properly train, supervise, monitor and discipline rogue police officers such as Officer Joey Schoueft.

## COUNT I

1. On or about February 16, 2016, at approximately 3:20 p.m., Plaintiff, Audrey Groves, was driving down Westside Boulevard, City of Houma in his pickup truck obeying all traffic laws. At a red light, Plaintiff observed two Louisiana State police officers on motorcycles had two people behind their vehicle. Plaintiff observed the young lady behind the vehicle was crying.  One of the motorcycle officers was Louisiana State Trooper Officer Joey Schoueft.  The red stoplight turned green. The car in front of Plaintiff proceeded through the light, Plaintiff did not pull off immediately, but did so shortly after the car had made it through the intersection. After pulling off, the same two Louisiana State police motorcycle officers pulled Plaintiff over. One of the officers was Officer Joey Schoueft who used handcuffs with malice, used excessive and improper force on Plaintiff damaging his writs and arms causing them to bleed profusely.

2. Defendant Officer Joey Schoueft and another Louisiana Stater motorcycle Trooper Officer Redmann, pulled Plaintiff over. Plaintiff was asked to step out of his vehicle. Plaintiff did not resist arrest and complied with all commands of the police officers. Plaintiff provided his driver's license and vehicle registration. As Plaintiff was walking towards Officer Joey Schoueft's motorcycle, Plaintiff heard Defendant Officer Joey Schoueft refer to him as a **"motherfucker".** Plaintiff asked "**what did you call me? Did you call me a motherfucker?**" Defendant Officer Joey Schoueft provided no response. Defendant Officer Joey Schoueft then took Plaintiff's arms behind him and smashed the cuffs on his wrists with malice, summary punishment and intent to torture Plaintiff, causing severe injuries including lacerations and cutting off circulation and skin and nerve injuries to Plaintiff's hands, wrists and arms. Defendant Officer Joey Schoueft did not tell Plaintiff he was under arrest, and refused to tell Plaintiff why he was under physically under arrest but handcuffed him in a negligent manner cursing profanities at him causing keen pain and sever injuries needless endangering the 71-year-old Plaintiff for a traffic stop.

3. At no time, on Westside Boulevard or at any later time and place, did Plaintiff attempt to resist arrest by being combative or attempt to flee or offer violence to them.

4. Defendants Officer Joey Schoueft was told by Plaintiff that he was injured from the handcuffs and bleeding. Defendant Officer Joey Schoueft never checked the handcuffs despite multiple requests to check the handcuffs for for over 3 complaints of Plaintiff but simply replied **"My hands are clean."** Plaintiff asked Defendant Joey Schoueft several more times to look at his hands and check the injuries to see how severe it was--- as he knew he was bleeding from his wrists which were behind his back. Plaintiff could

feel his blood dripping out his wrists and arms. Defendant Officer Joey Schoueft replied again with the same response, **"My hands are clean."** Defendant Officer Joey Schoueft maliciously and torturously allowed Plaintiff to suffer in pain with no medical care. Defendant Officer Joey Schoueft then asked Plaintiff did he have someone who could come and pickup his truck or else it would be towed. Plaintiff's son, Michael Shane Groves, arrived and picked up the truck. Michael Shane Groves saw the injuries to his father when he arrived to pick up the truck from the scene. Defendant Officer Joey Schoueft then placed Plaintiff into a police car driven by two officers. One officer removed the handcuffs had an ambulance EMT only clean and apply light gauze to attempt to control the bleeding, which continued to bleed and flow thru the light gauze then another officer put the handcuffs back on with his hands in front instead of behind him and placed him in the state police cruiser car. Photos of the injuries of Plaintiff are attached hereto and made a part hereof as Exhibits P-1-P-5. Medical treatment of Plaintiff at MMH Emergency Care for severe lacerations of the hands, writs, and arms is attached hereto as Exhibit P-6. Plaintiff also saw his physician for follow up care and will need future medical care.

5. Once Plaintiff arrived at the Ashland Jail in Houma, Louisiana, Plaintiff again asked for help and Defendant Officer Joey Schoueft again stated "**My hands are clean**," denied anything was wrong with Plaintiff's hands, again did not check the handcuffs tightness and refused assistance. While at the Ashland Jail, the Nurse on staff checked Plaintiff's blood pressure and then asked Plaintiff what happened to his wrists, arms and hands. Plaintiff told the Nurse that Defendant Officer Joey Schoueft was the cause of the lacerations and bleeding of his arms, wrists and hands. The Nurse then asked why

Plaintiff had not been brought to the hospital. Defendant Officer Joey Schoueft then returned Plaintiff's registration, driver's license, and the ticket and stated, **"If I brought you to the hospital and you said anything, I would have brought you back to jail and put you in jail."** Defendant Officer Joey Schoueft with malice and intent to torture assaulted Plaintiff brutally with the method in which he handcuffed Plaintiff, with Plaintiff then being in close custody, unarmed, and unable to resist Defendants.

6. As a result of the excessive force, summary punishment, malicious and torturous assault and battery by Defendant Officer Joey Schoueft, Plaintiff suffered lacerations about hands, wrists, and arms which have left bleeding, visible and grotesque markings. As a result of said injuries, Plaintiff has suffered great pain, suffering, humiliation and incurred several and further accumulating medical bills. (Exhibits P-1-6 attached hereto)

7. Defendant Officer Joey Schoueft, accompanied by another police officer Redman, never took Plaintiff to the Hospital, they simply brought him to the Louisiana State Police Troop C Police Station in a Louisiana Police cruiser.

8. Plaintiff was departing from the Ashland Jail and Defendant Officer Joey Schoueft stated, **"Have a good day"** sarcastically. Plaintiff stated, "**As God as my witness I will see you in court."** Defendant Officer Joey Schoueft then replied, **"I don't believe in God."**

9. Defendant Officer Joey Schoueft swore out a summons complaint against Plaintiff, alleging simple obstruction of a highway. Said complaint alleged the stated offenses occurred at 15:20 p.m., February 16, 2016, on the street at Westside Boulevard, City of Houma.

10. As a result of their concerted unlawful and malicious physical abuse of Plaintiff, Defendants Officer Joey Schoueft and Louisiana State Police intentionally, or with

deliberate indifference and callous disregard of Plaintiff's rights, deprived Plaintiff of his right to equal protection of the laws and impeded the due course of justice, in violation of the Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Audrey Lee Groves demands judgement against Defendants Officer Joey Schoueft and Louisiana State Police, jointly and severally, for compensatory damages in the amount of such damages as is reasonable in the premises and further demands judgement against each of said Defendants, jointly and severally, for punitive damages in the amount as is reasonable in the premises, plus the costs of this action and such other relief as the Court deems just and equitable.

## COUNT II

1-6. Plaintiff re-alleges paragraphs 1-4, and 8-9 of Count I as paragraphs 1-6 of Count II and hereby incorporates them as though fully set forth herein.

7. There was no warrant for arrest of Plaintiff on February 16, 2016. The arrest of Plaintiff by Defendant Officer Joey Schoueft, as stated in paragraph 2 above, was without reasonable grounds for said Defendants to believe Plaintiff had committed an offense and Defendants knew they were without probable cause to arrest Plaintiff.

8. Neither at the time of the arrest, as stated in paragraph 2 above, nor at any other time was Plaintiff informed of the grounds for said arrest. No complaint, information, or indictment was ever sworn against Plaintiff alleging offenses occurring prior to the moment Defendant Officer Joey Schoueft announced to Plaintiff that he was under arrest.

9. Plaintiff was transported to the Louisiana State Police Troop C Police Station, as stated in paragraph 4, where he was subsequently released without any medical care for his deep laceration other than a nurse cleaning his wounds and light wrapping so he did not bleed on the floor.

10. As a result of their concerted unlawful and malicious arrest of Plaintiff, Defendants Officer Joey Schoueft deprived Plaintiff of his liberty without due process of law and deprived him of equal protection of the laws, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

11. As a result of their concerted and unlawful and malicious detention and confinement of Plaintiff, Defendants Officer Joey Schoueft, Louisiana State Police, Colonel Michael D. Edmonson intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, deprived Plaintiff of his liberty without due process of law and deprived him of equal protection of the laws, in violation of the Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Audrey Lee Groves demands judgement against Defendants Officer Joey Schoueft, Louisiana State Police, Colonel Michael D. Edmonson and Lieutenant-Colonel Charles Dupuy, jointly and severally, for compensatory damages in the amount of such damages as is reasonable in the premises and further demands judgement of each of said Defendants (except the City), jointly and severally, for punitive damages in the amount of such damages as is reasonable in the premises, plus the costs of this action and such other relief as the court deems just and equitable.

## COUNT III

1-15. Plaintiff re-alleges paragraphs 1-10 of Count I and paragraphs 7-11 of Count II as paragraphs 1-5 of Count III and hereby incorporates them in this Count as though fully set forth herein.

16. At all times relevant to this Complaint Defendant Officer Joey Schoueft, as a police officer of the Louisiana State Police Department, were acting under the direction and control of Defendants Colonel Michael D. Edmonson and Lieutenant Colonel Charles Dupuy.

17. Acting under color of law and pursuant to official policy or custom, Defendants Colonel Michael D. Edmonson knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to instruct, train, supervise, control, investigate and discipline on a continuing basis Defendant police officers in their duties to refrain from: (1) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities; (2) unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges and immunities; (3) unlawfully and maliciously assaulting and lacerating the skin of Plaintiff with handcuffs to torture him, a citizen or otherwise using unreasonable and excessive force before, during, or after the making of an arrest, whether the arrest was lawful or unlawful; (4) conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of Louisiana; and (5) otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

18. Defendants Colonel Michael D. Edmonson and Lieutenant-Colonel Charles Dupuy had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants Colonel Michael D. Edmonson and Lieutenant-Colonel Charles Dupuy had power to prevent or aid in preventing the commission of said wrongs, by Officer Joey Schoueft could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights failed or refused to do so and failed to properly train Defendant

19. Defendants Colonel Michael D. Edmonson and Lieutenant-Colonel Charles Dupuy, and Officer Joey Schoueft directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers Officer Joey Schoueft heretofore described.

20. As a direct and proximate cause of the acts of Defendants Colonel Michael D. Edmonson and Lieutenant Colonel Charles Dupuy for the acts of Officer Joey Schoueft as set forth in paragraphs 17-19 above, Plaintiff suffered physical injury, loss of income, medical expenses, and severe mental anguish in connection with the deprivation of this constitutional and statutory rights guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

## **COUNT IV**

Petitioner re-alleges 1-15. Plaintiff re-alleges paragraphs 1-10 of Count I and paragraphs 7-11 of Count II as paragraphs 16-20 of Count III and hereby incorporates them in this Count as though fully set forth herein.

21. Petitioner states Defendants are also liable under state law for battery and negligence for failure to supervise, train, and for the acts of its employee and agent Officer Joey Schoueft under La. C.C. 2320 and La. C.C. 2315 for his injury of petitioner with a dangerous instrumentality, handcuffs that he used to inflict serious injury on Petitioner to humiliate Petitioner.

22. Petitioner suffered severe pain and injury as a result of Office Joey Schoueft's negligent acts for which Defendants are strictly liable under state law for battery and negligence of Officer Joey Schoueft for his negligent acts in the course and scope of his duties as a police officer and employee of Defendant the State of Louisiana and Louisiana State police agency.

23. Petitioner prays for trial by jury on all issues of law and fact and states Plaintiffs damages exceed $75,000 and exceeds the jurisdictional limit of this court.

24. Petitioner itemizes his damages as follows:

    Past medical expenses

    Future medical expenses-unknown at this time

    Past Pain and Suffering

    Future Pain and Suffering

    Past Mental Anguish

    Future Mental Anguish

    Past Humiliation

    Past and Future Scarring

    Punitive Damages against Officer Joey Schoueft only

    Attorney fees

Costs

Judicial Interest

WHEREFORE, Plaintiff Audrey Lee Groves demands judgement against Defendants Officer Joey Schoueft, Colonel Michael D. Edmonson and Lieutenant-Colonel Charles Dupuy, jointly and severally, for compensatory damages as are reasonable in the premises, and further demands judgement of each of said Defendants (except the City), jointly and severally, for punitive damages against Officer Joey Schoueft, in the amount in the amount as reasonable in the premises plus the costs of this action and such other relief as the court deems just and equitable.

    Respectfully Submitted,

    *s/Glenn C. McGovern*
    Glenn C. McGovern (LBA #9321)
    Mailing Address:
    P.O. Box 516
    Metairie, LA 70004-0516
    Physical Address:
    2637 Edenborn Ave., Ste. 101
    Metairie, LA 70002
    Telephone: 504.456.3610
    Facsimile: 504.456.3611
    E-mail: gcmcg@mac.com
    *Attorney for Plaintiff Audrey Lee Groves*

Please Serve:
1. Officer Joey Schoueft
   4047 West Park Avenue
   Gray, Louisiana 70359

2. Lieutenant-Colonel Charles Dupuy, Louisiana State Police
   7919 Independence Boulevard
   Baton Rouge, Louisiana 70806

3. Colonel Michael D. Edmonson, Louisiana State Police
   7919 Independence Boulevard

   Baton Rouge, Louisiana 70806

4. Louisiana Attorney General Jeff Landry
   1885 North Third Street
   Baton Rouge, Louisiana 70802

5. Louisiana Department of Administration
   1201 North Third Street
   Suite 7-210
   Baton Rouge, Louisiana 70802

6. Louisiana Department of Risk Management
   1201 North Third Street
   Suite G-192
   Baton Rouge, Louisiana 70802